Filed 7/5/22  P. v. Forch CA2/8
Opinion following transfer from Supreme Court
**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE,<br><br>       Plaintiff and Respondent,<br><br>              v.<br><br>FRANKLIN LARANCE FORCH,<br><br>       Defendant and Appellant. | B296637<br><br>(Los Angeles County<br> Super. Ct. No. MA030634) |

APPEAL from an order of the Superior Court of Los Angeles County.  Kathleen Blanchard, Judge.  Affirmed.

David M. Thompson, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra and Rob Bonta, Attorneys General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Amanda V. Lopez, Idan Ivri and Nancy Lii Ladner, Deputy Attorneys General, for Plaintiff and Respondent.

* * * * * * * * * *

In January 2005, defendant and appellant Franklin Larance Forch was charged with nine felonies, including one count of murder, and two misdemeanor offenses arising from an incident on September 26, 2004, in which defendant attacked his mother and stepfather. His stepfather died from his injuries.

In 2009, pursuant to a negotiated plea agreement, defendant pled no contest to the murder of his stepfather and admitted a prior qualifying strike conviction, a felony enhancement (Pen. Code, § 667, subd. (a)(1)), and four prison priors (§ 667.5, subd. (b)). The court accepted defendant's plea and waivers on the record and counsel stipulated to a factual basis for the plea. The remaining counts were dismissed. Defendant was sentenced to state prison for a term of 23 years to life and awarded 1,853 days presentence custody credits. This court affirmed defendant's conviction (*People v. Forch* (Feb. 7, 2011, B221505) [nonpub. opn.]).

In 2018, Senate Bill 1437 (2017–2018 Reg. Sess.) was passed. Penal Code section 1170.95 was enacted as part of the legislative changes effected by Senate Bill 1437 and became effective January 1, 2019. (Stats. 2018, ch. 1015, § 4.)

On January 7, 2019, defendant filed a petition in propria persona requesting resentencing pursuant to Penal Code section 1170.95. The petition requested the appointment of counsel and alleged defendant pled guilty because he believed he could have been convicted of murder under a theory of felony murder or the natural and probable consequences doctrine and that he could not now be convicted in light of the amendments to the murder statutes.

The trial court summarily denied the petition without appointing counsel, finding defendant was ineligible as a matter

of law.  In the court's written denial order, the court explained: "[T]he court takes judicial notice of the trial court records in this case, including the Probation Report, which details the underlying facts of the case.  The record reveals the defendant entered a plea to second degree murder.  However, the People never pursued either a felony-murder theory or a natural and probable consequence theory of murder.  Here, the defendant chased his mother and stepfather down with a knife, then proceeded to attack them both.  His stepfather later died as a result[.]  [T]he theory of liability for murder was that the defendant was the actual killer, who acted with malice aforethought.  [¶]  Because the case involved neither a felony-murder theory, nor natural and probable consequences theory, the defendant has failed to make a prima facie case for relief." Defendant appealed.

In an unpublished decision, we affirmed the denial of defendant's resentencing petition based on the law as it existed at that time.  (*People v. Forch* (Jan. 10, 2020, B296637) [nonpub. opn.].)

Defendant filed a petition seeking review in the Supreme Court.  In April 2020, the Supreme Court granted review and deferred briefing pending its disposition of cases raising similar issues.

While this case was pending in the Supreme Court, the Court issued its decision in *People v. Lewis* (2021) 11 Cal.5th 952 (*Lewis*) and the Legislature passed Senate Bill 775 (2021–2022 Reg. Sess.) which, among other things, amended the language of Penal Code section 1170.95 (Stats. 2021, ch. 551, § 2).

On April 27, 2022, the Supreme Court transferred this case to us with directions to vacate our decision and reconsider the

matter in light of *Lewis*. The parties submitted supplemental briefs. Having vacated our original decision and reconsidered the issues presented, we again affirm the denial of defendant's petition.

The Supreme Court concluded in *Lewis* "that the statutory language and legislative intent of [Penal Code] section 1170.95 make clear that petitioners are entitled to the appointment of counsel upon the filing of a facially sufficient petition (see § 1170.95, subds. (b), (c)) and that only after the appointment of counsel and the opportunity for briefing may the superior court consider the record of conviction to determine whether 'the petitioner makes a prima facie showing that he or she is entitled to relief.' (§ 1170.95, subd. (c).)" (*Lewis*, *supra*, 11 Cal.5th at p. 957, italics omitted.)

*Lewis* also instructs that the failure to appoint counsel upon the filing of a facially compliant petition is "state law error only," subject to harmless error analysis under *People v. Watson* (1956) 46 Cal.2d 818. (*Lewis*, *supra*, 11 Cal.5th at pp. 957–958, 972–973.) "[A] petitioner 'whose petition is denied before an order to show cause issues has the burden of showing "it is reasonably probable that if [he or she] had been afforded assistance of counsel his [or her] petition would not have been summarily denied without an evidentiary hearing." ' " (*Id*. at p. 974.)

Our task is to determine whether the trial court's summary denial without appointing counsel was harmless. We conclude that it was.

The record of conviction demonstrates that defendant was charged and convicted as the actual killer. There is nothing in the record indicating any other individuals were involved in the

attack on defendant's mother and stepfather, or that the theory of the prosecution was felony murder or the natural and probable consequences doctrine.  Where the record of conviction, " 'including the court's own documents, "contain[s] facts refuting the allegations made in the petition," then "the court is justified in making a credibility determination adverse to the petitioner." ' " (*Lewis, supra*, 11 Cal.5th at p. 971.)  The trial court was justified in denying the petition as a matter of law. Defendant did not present any basis for finding that if he had been afforded counsel, there was a reasonable probability his petition would not have been summarily denied.

## DISPOSITION

The order denying the petition for resentencing is affirmed.


GRIMES, J.

WE CONCUR:



STRATTON, P. J.



WILEY, J.

5